SHAUN KHOJAYAN (#197690)
LAW OFFICES OF SHAUN KHOJAYAN
 & ASSOCIATES, P.L.C.
515 South Flower Street, 19th Floor
Los Angeles, CA 90071
Telephone: (310) 274-6111
Facsimile:  (310) 274-6211
Email: shaun@khojayan.com
Attorney for Defendant Lu Zhang

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**(HONORABLE R. GARY KLAUSNER)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LU ZHANG (#1),<br><br>　　　　Defendant. | Case No.:  23-CR-00596-RGK-1<br><br>DEFENDANT LU ZHANG'S SENTENCING MEMORANDUM<br><br>Sentencing date: May 19, 2025<br>Time: 10:00 a.m. |

Defendant Lu Zhang hereby files her Sentencing Memorandum.

### I.　　INTRODUCTION

Lu Zhang, 37 years old, is before the Court for sentencing on her charge of Conspiracy to Commit Money Laundering 18 U.S.C. § 1956(h).  She is very sorry and apologizes to the Court the United States for her involvement in this offense. The impact on the victims of the original fraud is profound. Her conduct and involvement in the money laundering was reprehensible and the economic impact on many of them is life-changing. She made a terrible judgment to be involved in this scheme.

Ms. Zhang immediately accepted responsibility for her actions and made significant amends as the government describes in its sentencing filings. She has no

prior convictions and has been detained since her arrest on December 12, 2023.

Ms. Zhang agrees with the government's recommended guidelines and sentencing calculations. She also stipulates to be removed back to China upon the completion of her sentence, saving the government and immigration time and expense in the removal process. *See* Exhibit A. Ms. Zhang requests a sentence of 20 months in custody, 3 years of supervised release and $7,560,014 in restitution, for the same reasons described by the government in their filings and the factors described below.

## II.   SENTENCING FACTORS

Title 18 U.S.C. § 3553(a) directs the sentencing court to consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the [advisory] sentencing [guideline] range[;]

(5) any pertinent policy statement ... issued by the Sentencing Commission[;]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

After considering these factors, the court must impose a sentence sufficient, but not greater than necessary, to satisfy the purposes of sentencing set forth in §

3553(a)(2). In making this determination, the district court may not presume that a guideline sentence is the correct one. *Nelson v. United States*, 129 S.Ct. 890, 892 (2009) (per curium). The court is also free to discount the guidelines' recommendation for policy reasons particularly where the Sentencing Commission did not, in adopting the particular guideline, fulfill its "characteristic institutional role" of acting based on study, expertise, empirical data, or national experience. *See Kimbrough v. United States*, 552 U.S. 85, 109 (2007). Ultimately, the district court must make an independent determination as to the appropriate sentence, taking into account the types of sentences available, the relevant § 3553(a) factors, and the arguments of the parties. *See Gall v. United States*, 552 U.S. 38, 49-50 (2007).

## III. DEFENDANT'S POSITION ON SENTENCING FACTORS

### A. THE NATURE OF THE OFFENSE

Beginning from at least September 2022, and continuing through at least March 21, 2023, in Los Angeles County, and elsewhere, Zhang knowingly conspired with Joseph Wong, Justin Walker, and Hailong Zhu, and others, to conduct financial transactions involving property that represented the proceeds of wire fraud, in violation of Title 18, United States Code, Section 1343. Zhang became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

### B. THE DEFENDANT'S HISTORY AND CHARACTERISTICS

Lu Zhang was born in Shanghai, China in 1987 to Jianhua Zhang and Ying Wang. She does not have siblings. Growing up she recalls that her mother was the family's sole provider. *See* Exhibit B. Her father was unable to work due to health problems. Ms. Zhang's parents involved her in their arguments and she was forced to pick sides. She would pick her mother's side which caused a strain in the relationship with her father and he ultimately began physically abusing her. Ms.

Zhang reported that her mother was very busy caring for her father due to his health. Ms. Zhang's father eventually succumbed to lung cancer when Ms. Zhang was 28 years old.

When Ms. Zhang was 14 years old her mother traveled to Korea for work and was away from her family and Ms. Zhang for 5 years. PSR at 16. While her mother was in Korea, Zhang's father struggled to care for Ms. Zhang. He had a gambling addiction and she recalled that at one point her father gambled all of the earnings that her mother sent for her. Ms. Zhang raised herself and felt alone while her mother was in Korea. Her father was not equipped to feed her, clothe her or be emotionally available for her.

Ms. Zhang's parents separated when Ms. Zhang was 19 years old. Her father began to drink heavily after the separation. Ms. Zhang remained in the care of her father until she immigrated to the United States in 2013.

In 2013, Ms. Zhang married Ren Gie and they immigrated to the United States and settled in Los Angeles. During their marriage, she suffered a traumatic injury to her leg from a motorcycle accident while she was a passenger and her ex-husband was driving. PSR at 17. She also experienced culture shock and had problems with work but was able to secure employment at various salons and nail shops. They separated six years later.

In 2015, Ms. Zhang's father was diagnosed with lung cancer. He had part of his intestines removed. After four months of his diagnosis, he died the same year. PSR at 17.

Ms. Zhang completed high school in Shanghai, China in 2006. She has a long work history that began in 2015. In 2021 she obtained a cosmetology license in New York. She received training for Forklift operator safety training and evaluation course, Assert yourself, Finding the Way and Emotional self regulation.

Ms. Zhang regrets all of her actions that bring her before the Court. She has

made significant amends and plans to be a productive member of society upon her return to China.

### C. THE SENTENCING GUIDELINES AND NEED TO AVOID SENTENCING DISPARITIES

Ms. Zhang agrees with the government's calculations of the guidelines and sentencing recommendations.

In support of those recommendations, Ms. Zhang adds that she is a first time offender, not convicted of a crime of violence. *See* 28 U.S.C. § 994(j). Her life history reflects a lack of guidance given her mother's departure to Korea to work while leaving Ms. Zhang with her abusive father, further supporting the government's recommended sentence. *See Landrigan v. Schriro*, 441 F.3d 638, 648 (9th Cir. 2006) ("Where a defendant's crime is attributable to a disadvantaged background or emotional or mental problems the defendant is less culpable than one without the excuse."). Finally, the government's description of Ms. Zhang's contrition, extra-ordinary acceptance of responsibility and rehabilitation, also demonstrates that the "defendant will transgress no more [and will] respond to rehabilitative efforts." *Roberts v. United States*, 445 U.S. 552, 558 (1980).

### IV. CONCLUSION

Based on the foregoing, the attached stipulation to removal, and the government's recommendation, the defendant requests a sentence of 20 months in custody, 3 years of supervised release, a $100 penalty assessment and $7,560,014 in restitution.

Respectfully submitted,

Dated: May 7, 2025         s/ Shaun Khojayan
                           Attorney for Defendant Lu Zhang